This is 4-13-0713, People's State of Illinois v. Richard Lawory. Let's see, Attorney Cassidy is here on behalf of the appellant and Attorney Brooks is here on behalf of the athlete. Mr. Cassidy, are you ready to proceed? Okay, let me do so. May it please the Court, Counsel? Thank you, Patrick Cassidy. I again represent the appellant, Richard Lawory, in this matter. Your Honors are aware that there are three issues in our briefs. The second issue, which is our request that the Court remand for a new sentencing hearing, has been agreed to by the State, so I'm going to, if I may, I'm going to focus on the first issue, but I'm happy to answer any questions about any issues. The first issue, Your Honors, is that our claim that the trial court erred in revoking Mr. Lawory's probation. The State attempted to prove up two bases for revoking the probation at the hearing, and the first was that he obstructed justice. And the State alleged that he obstructed justice by denying that he was being interrogated by Detective Flynn, and the State alleged that he denied being present at the scene of a murder earlier that day. The State alleged that with the intent to prevent his apprehension, that is, his own apprehension, he made these false statements. And the problem there is that the record shows that when he was making these alleged false statements, he had been apprehended at that time. Can I ask you a question, Mr. Cassidy? Yes, Your Honor. If he hadn't been in custody at the time, let's say he was just on the street, a police officer pulls up and starts to ask him questions, and he denies being at the scene of a crime, is that sufficient to charge him with obstruction of justice? I don't think it is under the, well, let me, so just to get the explanation. So putting aside the custody issue. So he just denies. Yeah, isn't that what he did in this case? He simply denied being at the scene of the crime? Yeah, I think that's the way I would read it, but I think the court thought that he made affirmative statements that he wasn't there. What is the law on obstruction? Have you looked at the cases that talk about whether a denial to a police officer that would inculpate you is sufficient to charge somebody with obstruction? Well, I haven't looked into that. I think you need to furnish false information. So if you are making a statement to the police, obviously you have to be Mirandized at that point before any of this can happen, and Mr. Lowry was. You're furnishing false information about your whereabouts. I don't know the law, though, Your Honor. Wasn't something he said false? Your Honor. Pick and choose. How many different things did he say? We don't, we're not contesting an appeal that, our argument assumes that he furnished false information. Okay. But I don't know. Well, the question is, does it matter why he furnished the false information? Exactly, and it does, Your Honor. It has to be with the intent to prevent the apprehension of someone, or the statute speaks in two ways to do it. Prevent the apprehension of someone, or obstruct the prosecution of someone. And I think apprehension speaks to being taken in by the police, whereas obstructing prosecution sounds more like you need to avoid a particular charge. But here, the charge is that... Well, if he lied to avoid his own apprehension for a particular charge, that would fit obstruction of justice, would it not? Well, Your Honor, I think we would have to read into the statute more than just the word apprehension, but just like you just said, apprehension on a particular charge. If the statute read that way, I think you'd be correct, Your Honor. Our argument is that we can't read those words in because... So what I said is incorrect? Yeah, I think the best way to interpret the statute is that apprehension means apprehension, not on a particular charge. I think that's more like obstruction of justice, or obstruction of prosecution, excuse me. I think the plain language... Obviously, there's cases... Well, the cases on this go one way, but there's dissents that go another way. I just want to be sure I'm clear on this. Okay. Your position is you're conceding that if he denied he was at the scene of the crime, and he was actually at the scene of the crime, he was lying to the police, he could be charged with obstruction of justice for that, putting aside the issue of whether he was apprehended already. You're not arguing that... We're assuming that... We're assuming that because I have... These cases say it's a matter of law, he's not guilty if he's been apprehended, and we say he's been apprehended. Now, as Your Honor was pointing out, there's some dissents in these cases that take a different view. So I think there's some reasons to interpret the statute in my favor. One would be the rule of lenity, if there is an ambiguity. I don't think there is, but if there is an ambiguity, the rule is that we can screw it in favor of the defendant. So we would not read into these extra words, apprehended on a particular charge or offense. Another reason, I think, is that this... Miller interpreted this statute 25 years ago, and the legislature hasn't amended it or indicated in any way that they thought that they got it wrong. So there's a judicial canon that when the legislature is aware of a judicial interpretation of a statute, it doesn't amend it, it thinks it's got it correctly, it's interpreted correctly. And of course, last year in Wray QP, the appellate court, again, followed Miller on that issue. So I think there's good reasons not to read any additional language here. I don't think there's an argument that if we just look at the apprehension, I think we would agree he's apprehended. He was memorandized, he's in custody. But I also want to make the point that resolving this question really doesn't matter in this case, because even if the statute can be read to say, acting with an intent to avoid your apprehension on a particular charge or offense, here there was no particular charge or offense alleged in the charge. In other words, they didn't allege that Mr. Lowery acted with the intent to avoid being apprehended on a murder, or being apprehended on some charge. They just said he furnished false information about his whereabouts. So you're saying they have to identify the charge? I think if we adopt the interpretation of the statute... Can the information... is there a case that says that? There's in the petition to revoke the probation act. Off the top of my head, I don't know that there's a case that says that, but it's just the general idea that you're entitled to notice of the facts that are used to trigger any type of due process violation of liberty. Here, if the key is to avoid apprehension on a particular charge, then the state's going to have to allege, well, what charge were you trying to avoid being apprehended on when you were in custody making these false statements. So I think even resolving this... Well, that would be interesting if the obstruction of justice related to something that was unrelated to the investigation. But if we agree that he's apprehended, he's taken in for questioning on a specific subject. Any... assume for the moment that truthful information would assist the police. His misinformation obstructs them in discovering who the shooter is, and obstructs them in determining who the witnesses might be to that. And he might be totally innocent of anything, but he doesn't want to be arrested and charged with accountability and the very thing that they're working on. Except that I'm conflating. But does that make sense? It makes sense, but I think in your hypothetical, he's acting to prevent the apprehension of the principal. So? Well, but here, he was... In Miller, and in Ray Kupi, and in this case, he's been charged with acting with the intent to prevent his apprehension. So, had the state charged him with acting to prevent Oscar... Yeah, but he is going to be arrested if he gives truthful information. He's going to be arrested because he's there with... it's a cousin, isn't it? Allegedly. Yeah. If you're present at the scene of a murder, and you're with the guy that's got the gun, that's an election... I mean, aren't you going to get arrested? Well, again, he is under arrest at the time he's making these statements. And they do know that he's... I mean, obviously they already know what they're trying to get out, that he was there, that he got what he was saying. But I think in that instance, he's acting with the intent to prevent the apprehension of the principal, and maybe in the back of his mind, he's worried he might be liable as an accomplice. But he's apprehended. Oscar's not. Now, maybe they could charge him with obstructing... excuse me... with the intent to obstruct the prosecution of himself and Oscar by furnishing false information that prevents them from charging him correctly. But he's already been apprehended. So under that theory, I think they should move under the... with the intent to obstruct the prosecution of himself. He furnished false information, and as Your Honor said, then they couldn't prosecute him for something they otherwise would have been able to. I think the statute's language suggests that's the prong you would move under. And of course, this wasn't the only allegation that the state used to revoke Mr. Lowery's probation. So I should talk about the ineffectiveness of the UW-Felton claim, which the state presented evidence that Mr. Lowery was in possession of a gun. The evidence was hearsay, which... and I think everyone... I think it's undisputed it was entirely hearsay. The dispute is, well, how did that come in? I think there was an objection, but it was a pretty equivocal objection to hearsay, and it was only one. So I think the state's correct that when this hearsay came out about Mr. Lowery possessing a gun, it was not objected to. But it's clear that this was a product of ineffective assistance. In fact, counsel actually elicited his own hearsay from Detective Flynn about Shannon White, I believe, seeing my client with a gun. So as the state recognizes there's a decent ineffectiveness claim here, I think it's pretty clear. I think the state's point about remedy is correct that if you were to resolve this on ineffectiveness grounds, the remedy would be a new trial, not an outright reversal, because that's generally the remedy for ineffectiveness. So assuming if you find that there's a matter of law, he was not guilty of obstruction, you find that counsel was ineffective on the unlawful use of a weapon by a felon, we would ask that you just remand for a hearing on that unlawful use of a weapon by a felon. I feel like I've rushed a little bit here, so if there's any other questions or any of the other issues that... I don't see any. Okay, thank you. We'll have more time after the rebuttal. Ms. Brooks? Thank you, Your Honors. Good afternoon. May it please the Court. Good afternoon. My name is Allison Paige Brooks, appearing on behalf of the people. First of all, I was prepared to address the claim that was raised in the briefs that hearsay was not competent evidence, because if it was objected to, but because the record does show this hearsay, dealing with Shannon White's statement to Detective Flynn that the defendant possessed a gun, was not objected to, the rule applies that hearsay evidence admitted without objection is to be considered and given its natural probative effect. Because, however, this evidence was enlisted by defense counsel for no apparent strategic reason, they would constitute ineffective assistance of counsel requiring remand for a new hearing on the state's petition for revocation of probation, but only if that was a prejudicial error. So the question becomes, is it prejudicial, and prejudicial only if the evidence was insufficient to prove the allegation with respect to the obstructing justice charge. So that's what the state's going to focus its argument on, which is whether the state sufficiently proved its allegation that the defendant obstructed justice. The defendant denied being present at a murder scene early on January 30, 2013. That was false. It was proved to be false. The only issue then became whether the state proved that he had the intent to prevent his own apprehension. And apprehension is defined in the case law as a seizure, taking, or arrest of a person on a criminal charge. So here, the evidence did not show that he was, in fact, under arrest for the charge of first-degree murder at the time he was being questioned about the murder. What was shown on page 59 was that everything was taken in for questioning after police found gun and cocaine in a residence at 142 South Wesley. So the fact is that he was not being apprehended in the form of an arrest for the particular charge in which he obstructed justice, which is to avoid his own arrest for first-degree murder. And the case is that the defendant cites for the proposition that one is seized, cannot be seized again, ignores the fact that the definition of apprehension includes the element of that the apprehension be on a particular criminal charge. So only by omitting that part of the definition can they reach the conclusion of the QP majority in the Miller Court that if one is seized by the police, cannot be seized again, logically. But this court should instead follow the Smith majority that it is possible to be apprehended on a charge and then, such as in the Smith case, destroy evidence in order to prevent apprehension on a different charge. Or in the QP case, as Justice Holdridge in the dissent, the facts of QP were that the defendant was suspected of committing a vehicular burglary, but had an outstanding warrants, and therefore lied about his name and date of birth in order to avoid being apprehended on the outstanding warrants, although he was being seized and detained in questioning with respect to a suspected burglary. So in those situations, they have a situation where there's different charges at issue, but the state also draws an additional distinction. Justice Turner, I believe in your special concurrence in Smith was that the defendant was seized, but not placed under arrest. And the definition of apprehension is actually stated in the alternative, or in the disjunctive, which is a seizure or arrest. So one who's in fact seized for questioning on a particular crime can in fact, the state's position is, can obstruct justice by intending to avoid apprehension in the form of an arrest for that same charge. So it's not just different charges which would apply, for example, under the facts of QP, but it could be the very same charge, but simply elevating a mere seizure, someone who's not free to leave, who's being detained for questioning, versus a formal arrest. Because there are different levels of seizure. And so therefore, the definition of apprehension should take into account these different levels of seizure as being distinct. And it's not reading extra words in the statute. It's simply applying the plain language definition of apprehension, which is not defined by the statute, but has been defined in the case law, starting with the Miller case. So for those reasons, there's another bigger reason, essentially, why to apply the state's interpretation of this statute, which is the policy reason that would be affected in the case if the defendant's interpretation were adopted. And that is, that would be grand and carte blanche to anyone who's seized by the police for any reason whatsoever to then go on and lie about anything and everything in order to avoid being arrested, for example, or continue to be detained for any other matter of criminal charge. So someone who is detained for speeding, for example, can then give a false name because they happen to be wanted for a murder. And that would be a very serious implication to say that, well, he's detained for speeding, So that may be an extreme example, but that's the type of thing that could happen under the defendant's interpretation of this statute. So with respect, this court should adhere to the QP dissent, which Justice Holdred or the Miller majority, and especially Justice Turner's analysis, interpretation of this statute, section 31-4A1. And so with respect to whether the motion alleged a particular charge, it did not, but yet the defendant is raising the challenge to the sufficiency of the allegation for the first time on appeal. So he did not complain below, that I remember in the record, whether he complained below or not about the charge, the motion to revoke probation's failure to allege a particular criminal offense that he was trying to avoid apprehension on. So that, by itself, should not be a sufficient reason for reversing. The other thing that the defendant says he was, in fact, under arrest at the time, the only thing I can remember from the record is that he was, in fact, even with Miranda rights. To the extent that would support an implication or an inference that he was, in fact, under arrest for something, at the time he was being questioned about first-degree murder, that happens. But yet that's not, by itself, sufficient. And the state's position is that it's not showing that he was, in fact, under arrest for the crime of first-degree murder at the time that he provided false information to police. Briefly, with respect to the sentence credit issue, the state's brief did not consider this with respect to whether this court would grant the state's concession in awarding the defendant a new sentencing hearing. And in that case, the sentence would be vacated and remanded for a new sentencing hearing, at which time the trial court would have to reconsider the issue of sentence credit. So if the defendant does receive that form of relief, then this court would not need to reach the issue of sentence credit and leave it to the trial court to determine how much sentence to award the defendant on remand. So therefore, the issue of being there, a conflict between written and oral orders, in terms of how much sentence credit, need not be resolved. The state's position, though, is that the oral finding by the judge awarded the defendant double credit for time that he served under the previous sentence as a condition of his probation. And because he gets essentially double credit for that, he did not have to in fact serve extra time. He had pre-trial credit for that time. So when the prison sentence was issued, he received double credit for that time, and now he's getting day-for-day credit on that as well. So that seems to not be correct. But it would be up to the trial court if this court did grant a new sentencing hearing to let that issue be resolved on remand. That's the extent of the state-prepared argument. Ed, do you have any questions? Thank you for your question. Any rebuttal, Mr. Caffey? Thank you, Your Honor. Counsel agrees that they didn't allege a particular charge that he was allegedly avoiding apprehension on in the petition, but points out that we didn't complain below. But, of course, if this court is going to adopt that, this interpretation is going to be breaking with 25 years of precedent. Miller supports looking at this petition the way we look at it, as does QP. So a decision in this case saying no, in fact, apprehension means on a particular charge or offense, and in fact we can look at this petition and now read that into the particular petition to revoke, I think would be unfair. So we should be allowed to complain about it now. I think that's the way this court is thinking of going. And, again, it wasn't alleged. We didn't have a chance to respond to it below. As to having Karpalanch to lie to a police officer about who you are, there's an entirely different statute, I think, about, I'm sure, although I don't have the citation for you, unfortunately, about furnishing a false name. But, again, as to furnishing other false information when you're stopped for speeding, if you're trying to avoid a particular charge, then you're acting with the intent to prevent a prosecution on a particular charge, and you can be prosecuted for that. And then, finally, I just want to say that Detective Flynn himself made clear that my client was under arrest when all these questions and answers were being posed to him when he was allegedly furnishing this false information. So I think it's clear that he was under arrest. No further questions? Thank you. Thank you, Counsel. We take this matter under advisement.